# Philip Liszman, Plff. in Err., v. Kossuth Marx & Company.

The indefinite responsibility assumed by defendant by putting his name on the back of a promissory note before the payee indorsed it, *held*, to be particularized, by a letter from him to the payee and holder of the note, as the responsibility of a surety for the maker.

(Argued May 2, 1887. Decided May 16, 1887.)

July Term, 1886, No. 74, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, and GREEN, JJ. Error to the Common Pleas of Cumberland County to review a judgment on a verdict for plaintiffs in an action of assumpsit. Affirmed.

This action was brought by Kossuth Marx & Co. against Philip Liszman as guarantor and surety on the following note :

Carlisle, Pa., Feb. 25, 1884.

Twelve months after date I promise to pay to the order of Kossuth Marx & Co., at the Carlisle Deposit Bank, four hundred fifty and 50/100 dollars without defalcation, for value received.

(Credit the drawer.)        George H. Liszman.
    With interest.

Indorsed on the back,
        Philip Liszman.
        Kossuth Marx & Co.

The following facts appeared on the trial in the court below before SADLER, P. J.:

Plaintiffs were wholesale and retail dealers in New York city. George H. Liszman, son of the defendant, was a retail jeweler in Carlisle, and bought of plaintiffs a large bill of goods, for which, fearing his failure in business, they subsequently took, in satisfaction of their bill against him, a return of the unsold goods and the note set out above.

NOTE.—As to liability of stranger who indorses commercial paper before delivery, see the presentation of authorities in editorial note to Fullerton v. Hill, 18 L. R. A. 33.

Subsequently the plaintiffs received the following letter from Philip Liszman:

Carlisle, Pa., Feb. 7, 1885.

Kossuth Marx & Co.

Gentlemen: I would like very much to renew my note due this month, as surety of my son George. The times are so hard that it is impossible to raise money; and hoping and believing that the coming season will brighten matters up, I would like to renew the note for a year, paying interest thereon at the rate of 6 per cent. I have had to pay a great deal for George, but I want to give him another chance to redeem himself, and put him on a solid basis. Hoping for an early reply, I am

Very Truly Yours,
Philip Liszman.

At the trial plaintiffs' counsel offered "the note of George H. Liszman, dated Carlisle, Pa., February 25, 1884, for the payment of $450, twelve months after date, to the order of Kossuth Marx & Co. at the Carlisle Deposit Bank, and signed at the bottom by George H. Liszman, and on the back by Philip Liszman, to be followed by evidence that the signing by Philip Liszman on the back of the note was with the intention and with the understanding that he was the surety of George H. Liszman for the payment of this note to the payee."

Objected to, because on the production of the note it appears that it is not the note of George Liszman and Philip Liszman. It is the note of George Liszman to the order of Kossuth Marx & Co. The name of Philip Liszman is written on the back of it above that of Kossuth Marx & Co. It is therefore not his note, nor is he in any way liable for it. The understanding of the parties cannot be shown outside of that paper; the contract of suretyship must rise on the paper on which they bring suit, and which is now offered.

Plaintiffs' counsel: We add to our offer, in further explanation or qualification of it, that the evidence, which we propose to show, that Philip Liszman signed the note as surety for George H. Liszman, is in writing, which said writing is offered in evidence.

Defendant's counsel: The paper offered in evidence with the note does not better the offer. It does not alter the character of the note nor create any liability which does not appear upon

the face of the paper on which they base their suit. It is irrelevant and immaterial. There is nothing in the offer to charge the defendant or make him liable.

Plaintiffs' counsel: We also propose to show that the note was given for a debt owing by George H. Liszman. That the settlement was made through the father, Philip Liszman, and the compromise made through him, and that it was the understanding and agreement before the note was signed that he was to sign it as surety for George H. Liszman, his son.

Objected to, that it is not sufficient to take it out of the statute of frauds, nor to make this note a legal obligation on the part of the defendant.

By the Court: It will be for the jury to say whether the letter of Liszman of the 7th of February, 1885, refers to the note signed by George Liszman and indorsed by himself, dated February 25, 1884. The offer of the plaintiffs is admitted. (Note and letter read to the jury.) (First assignment of error.)

The court charged the jury, *inter alia,* as follows:

On the note, as it appears, there would be no legal liability on the part of the defendant; but we have admitted a letter written by Philip Liszman to the former, and written in February, 1885, which (if you find it was written in reference to the note in suit) would give such acknowledgment of the circumstances under which he signed the note as would justify you in finding him liable on the note. (Second assignment of error.)

Verdict for plaintiff for $450.50, with interest. Judgment thereon.

*Duncan M. Graham* and *S. Hepburn, Jr.,* for plaintiff in error.—The cases of Jack v. Morrison, 48 Pa. 113; Schafer v. Farmers' & M. Bank, 59 Pa. 144, 98 Am. Dec. 323, and Murray v. McKee, 60 Pa. 35, established beyond cavil that so far as Philip Liszman is concerned, on the note itself, there is absolutely no liability to pay. Nor does the letter of February 7 identify the note as to date or amount, nor does it contain a promise to pay, as in Eilbert v. Finkbeiner, 68 Pa. 243, 8 Am. Rep. 176.

The letter of Philip Liszman cannot be referred to the note in suit, without the aid of the oral testimony of the agent, which is incompetent. Moyer's Appeal, 105 Pa. 436.

*Stuart & Stuart* and *M. C. Herman,* for defendants in error.
—Cited Eilbert v. Finkbeiner, 68 Pa. 243, 8 Am. Rep. 176.

PER CURIAM:

It was well said in Eilbert v. Finkbeiner, 68 Pa. 243, 8 Am. Rep. 176, that "when a man puts his name on the back of a negotiable paper, before the payee has indorsed it, he means to pledge, in some shape, his responsibility for the payment" thereof.

This is the reasonable conclusion which every business man will draw from such an act.

The particular responsibility which the defendant below had assumed by such an irregular indorsement is clearly stated by him in writing to be that of surety for the maker. This he declared in his letter to the payees and holder of the note.

The specifications of error are not sustained.

Judgment affirmed.